J. BARCLAY BROTHERS, d. b., a. *vs.* WILLIAM LAWTON, p. b., r.

New Castle County, November Term, 1893.

**Practice. Justice of the Peace. Record. Certiorari.**—A party may file an affidavit setting forth the fact of the alteration of the record of a justice of the peace, after exceptions are filed, even though there was no affidavit appended to the exceptions; and at any time pending the *certiorari.* And upon such affidavit the Court will order up the original record.

**Same.**—When the record of a justice has been changed, the Court will order him to correct it and then to send up a copy as it originally stood that a true transcript may be entered. Then the party may file his exceptions to the transcript of the record as it originally stood.

**Same. Judgment.**—When a justice of the peace has once entered a judgment in his docket, and it is a complete record, he has no right to alter or change it in any manner whatever, and is punishable by law if he does so.

CERTIORARI.—The facts are sufficiently stated in the opinion.

*Emmons*, for defendant below appellant.

*Hilles*, for plaintiff below respondent.

LORE, C. J., delivered the opinion of the Court.

In this case the record was sent up, exceptions were filed, and also allegations of diminution. A second record was sent up and to that no exceptions were filed, the case standing upon the original exceptions; one exception being that the record had been altered after judgment had been entered. To these exceptions there was no affidavit made. Subsequently a petition supported by affidavit was filed setting forth alteration in the record after the judgment was rendered, and the original record asked for.

On behalf of the plaintiff below it was objected that the original record could not be ordered up, on the ground that no affidavit having been made to the exceptions, and the time having passed for filing any further exceptions, the original could not be required by the Court; and even if sent up, that the alteration of the record must be proved by deposition; and that no affidavit having been filed, with the exceptions, no deposition could be taken; and cited to sustain his position, the cases of *Cullen vs. Lowery*, 2 Harring. 292, 459 and *Calaway vs. Calaway*, 3 Harring. 84, 332.

Those cases do not apply to this case, for the reason that they are all under a practice which has since been reversed, viz., that the Court would not in a certiorari go behind the record on the question of jurisdiction, and some other matters defined in these cases; but they were matters outside of the record, matters of fact that came before the Justice, and which he refused to consider or failed to set forth upon the record.

When, therefore, the record came up, the exception relied on being dehors the record, proof rightfully was taken by deposition, so that there might be with the record the proof of the fact upon which the record was reversed or affirmed, as the case might be.

But we think that the exception and affidavit thereto did not and do not affect the right of this Court to order up a record, even

though there was no affidavit appended to the exceptions.   If the case is properly before the Court, under the statute, the party may file an affidavit any time pending the suit, setting forth the fact of the alteration of the record, and ask for the original record, under the statute which first appeared in the Revised Code of 1852, and is in these words : " The Superior Court may, in a proper case supported by affidavit, require the production of the original record."—(New) Rev. Code, 737.

Long before that statute was passed it was the practice for the Court to order up the record under the general authority in § 2, ch. 92 of the Revised Code of 1852 and 1874, viz. :

" The said Judges, or any two of them, shall have full power and authority to examine, correct and punish the contempt, omissions, neglects, favors, corruptions and defaults of all justices of the peace, sheriffs, coroners, clerks and other officers within this State."

Under the law as it stood in 1760 and found in the Code of 1829, page 104, before there was any specifically expressed authority in this Court to order the record sent up, in a case decided in 1846, *Prichett vs. Clark*, 4 Harring. 365, the Court ordered the record up on a mere motion.

In this case an affidavit was filed stating that the record had been altered.   Upon that, the Court ordered the record up.   The record being here, the other question is, how shall the proof of alteration be taken ?   We might follow the practice in cases where formerly in questions dehors the record, proof was taken by depositions.   That would be the proper course; for the reason that the evidence ought to be a matter of record on file, showing upon just what grounds the Court acted.   These depositions can be taken on the affidavit showing the mutilation, upon which we ordered the record sent up; for that is the ground of our whole proceeding, and is absolutely independent of any exceptions.   We think that power is in the Court under the statute, and that it is not restricted or curtailed by any exceptions filed in the case.   When the record is here, upon an affidavit, made at any time pending the suit, that the

Justice has in any way changed his record—in other words, muti-lated it—there express authority given the Court to order up the original.

We think, therefore, that this record is properly before us, and that the order of the Court now should be that the Justice shall amend that record. We understand he admits that he altered it. we do not attach any special blame to the Justice, for we under-stand that he was advised by counsel whom he consulted that he had the right to do so. We would like to say to all Justices of the Peace, however, that when they have once entered a judgment in their dockets, and it is a complete record, they have no right to alter or change it any manner whatever. Such alteration is muti-lation and is punishable by law.

The order of the Court therefore is, that the record shall be corrected by the Justice of the Peace, and that it shall stand as it originally stood when the judgment was entered.

*Hilles,* for plaintiff below. I understand that the order of the Court is that the record shall be amended to conform to what it was previous to the alteration, and that the time shall be extended in which to file exceptions.

LORE, C. J. Not exceptions, but allegations of diminution. Here is a record which is not a record; it is a mutilation of the record. We can either permit him to change those transcripts to correspond with the corrected record and give time for filing ex-ceptions, or time will be given to allege diminution and have the corrected record sent up.

The order now is that the record shall be corrected; and the Justice must do it, or he is in contempt of Court.

CULLEN, J. The Justice is to correct his record as it origi-nally stood, and then he is to send up a copy, that a true tran-script may be entered,; then the party files his causes of exception

to that record as the record originally was. That would be the proper way to get it up.

LORE, C. J.   We will give you until January 22, 1894, to allege diminution and have the record sent up.